**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GARY TESCH, et al.,

   Plaintiffs,

    v.                                                           No. CIV 13-0525 MCA/SMV

SUSANA MARTINEZ,[1] GOVERNOR, et al.,

   Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs' Civil Rights Complaint (Doc. 1), Additional Claims of Retaliation (Doc. 6) (the "first supplement"), and Defendants Continued Retaliatory Acts Against Plaintiff(s) (Doc. 26) (the "second supplement") (together the "complaint"). Plaintiffs are incarcerated. Plaintiff Tesch appears pro se and is proceeding in forma pauperis. For reasons set out below, the Court will dismiss the complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).

---

[1] The parties' filings spell Governor Martinez's first name as both "Susanna" and "Susana." The Court takes notice that the Governor's first name is spelled with one "n" and will reflect this spelling in its orders and notices.

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The original complaint contains five claims and is signed by the pro se Plaintiff Tesch, purportedly on behalf of a class of inmates as well as himself. Tesch also signed and filed the first supplement that purports to raise supplemental claims of named Plaintiffs Carlos Camacho and Jason Fausnaught. The complaint alleges that Defendant Martinez caused certain prisoners to be housed in a federal facility as a pretext for obtaining federal funds. Staff at the facility allowed general-population inmates to be housed with protective-custody inmates. Inmates have been denied medications, commissary purchases are illegally taxed, and officers are interfering with prisoners' mail. In his second supplement, Plaintiff asserts that he was placed in involuntary segregation and transferred as retaliation for his litigation activity. Plaintiff contends that Defendants' actions have violated a number of his and the other named Plaintiffs' constitutional rights. For relief, the complaint asks for damages, unspecified declaratory and injunctive relief, and unconditional release.

The complaint and first supplement are signed only by Plaintiff Tesch. He identifies approximately fifty "additional plaintiffs" and designates his complaint as a Class Action, although he does not seek class certification. Plaintiff may not raise the claims of a fellow inmate, no matter how meritorious the claims may be. "The general rule . . . is that a plaintiff must assert his own constitutional rights." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). And in particular, a

2

pro se party may not represent a class in federal litigation.  *See id.*; *and cf.* Fed. R. Civ. P. 23(g)(1) ("a court that certifies a class must appoint class counsel").  Claims on behalf of the named plaintiffs other than Tesch, including those in the first supplement, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

In Claim I of the complaint, Plaintiff alleges that New Mexico Governor Susana Martinez fraudulently contracted with a private corporation to house New Mexico prisoners.  The factual basis of this claim is that Defendant Martinez "used propaganda by exploitation of state prisoners (ie, sex offenders) . . . to be housed in a federal holding center to fraudulently receive [federal] funds."  Plaintiff does not allege that he is one of the exploited sex offenders or that he has suffered an injury from the alleged fraudulent contracting.  *See, e.g., Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992) ("[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution."); *and see Lewis v. Casey*, 518 U.S. 343, 351 (1996) (restating jurisdictional standing requirement that a plaintiff "establish relevant actual injury" as basis of constitutional claim).  The Court will dismiss Claim I of the complaint.

In Claim II of the complaint, Plaintiff alleges that "protective custody inmates . . . [and] inmates from general population . . . were placed in the same living units. . . .   One (1) inmate had to be placed in segregation. . . .   Some have been assaulted."  In Claim III, Plaintiff alleges "that state prisoners are not receiving proper medical treatment . . . [and] were housed in a dormitory setting with 72 prisoners per pod in defiance of [State corrections] policy."  Claim IV is based on allegations that "prisoners are being taxed on items from the canteen . . . in violation of state statute."  Claim V alleges that "prisoners mail is being rejected. . . .   and reopened by officers."  The allegations in these Claims do not support Plaintiff's constitutional claims under 42 U.S.C. §

1983.  "[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissible for failure to allege the plaintiff's standing to proceed."  *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990); *and see Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 747 (10th Cir. 2013) ("[T]he district court properly dismissed [Plaintiff]'s claims alleged on behalf of other prisoners or the general prison population because [Plaintiff] lacked standing to bring them.").  Plaintiff's original Complaint will be dismissed for lack of jurisdiction.

In his second supplement (Doc. 26), Plaintiff alleges that he was placed in involuntary segregation "for no reason" and subsequently transferred to another facility.  He disagrees with officials' stated reasons for these actions and alleges that he was denied a hearing before being transferred.  He asserts that "it is [his] belief" that these actions were retaliatory and "are stopping him from pursuing all [his] legal remedies."  As the Court of Appeals for the Tenth Circuit has noted, Plaintiff's belief is inadequate as the basis of a retaliation claim:

> But an inmate is "not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity."  The plaintiff must therefore allege specific facts showing that "but for the retaliatory motive, the incidents to which he refers, including the disciplinary action would not have taken place."

*Sherratt v. Utah Dep't of Corr.*, 545 F. App'x at 747 (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  Plaintiff alleges no "specific facts," 545 F. App'x at 747, in support of this claim, and furthermore, he clearly is continuing to prosecute this action for judicial relief.  The supplemental claim (Doc. 26) will be dismissed for failure to state a claim under § 1983.

IT IS THEREFORE ORDERED that Plaintiff's original Complaint (Doc. 1) is DISMISSED for lack of jurisdiction, the supplement for Additional Claims of Retaliation (Doc. 6) is DISMISSED as frivolous, and the second supplement for Defendants Continued Retalitory Acts Against Plaintiff(s) (Doc. 26) is DISMISSED for failure to state a claim under 42 U.S.C. § 1983

for relief against Defendants, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE